UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| ERWIN JAY PRUITT, | |
| Plaintiff, | |
| v. | CAUSE NO.: 4:22-CV-82-TLS-JEM |
| BOB GOLDSMITH, et al., | |
| Defendants. | |

**OPINION AND ORDER**

Erwin Jay Pruitt, a prisoner without a lawyer, filed a Complaint. ECF No. 1.[1] "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nonetheless, under 28 U.S.C. § 1915(e), the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The Plaintiff alleges the toilets overflowed in two cells at the Tippecanoe County Jail on November 3, 2020, at 1:50 PM. ECF No. 1, p. 2. The inmates notified Officer Cody Arnold via intercom, but he replied that he had "better things to do on his list." *Id.* About ten minutes later, the inmates told Officer Arnold there was a "situation in which fecal matter and human waste" had flooded the floor of the dayroom. *Id.* The Plaintiff claims he was "exposed to dangers involving human waste" for two hours. *Id.* At about 4:00 PM, the inmates were told to clean up

---

[1] The Plaintiff originally submitted only the first two pages of the Court's approved complaint form, but he later submitted the last two pages, which include a signature. *See* ECF No. 4. As such, the Court will consider ECF Nos. 1 and 4 together as his full Complaint.

the mess but were not provided with gloves or "cleaning material related to bodily fluids." *Id*. The Plaintiff claims the inmates were therefore exposed to "certain dangers" and put at risk of "certain ailments." *Id*. The Plaintiff, who was a convicted prisoner at the time of the events in question, has sued Officer Arnold, Sheriff Bob Goldsmith, and Captain Tom Lehman for monetary damages, and he wishes to "fire staff/relieve those involved of duty." ECF No. 4, p. 2.

Inmates are entitled to conditions of confinement that meet "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Id.* As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted). Put another way, an inmate can state a viable claim for deliberate indifference to a hazardous condition of confinement if he alleges the defendant "deliberately ignored a prison condition that presented an objectively, sufficiently serious risk of harm." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (citation omitted).

The Seventh Circuit has found that "[p]rison officials violate their constitutional responsibility to provide inmates with the minimal necessities of life when they disregard *over a*

*significant period* an inmate's request to be relieved from exposure to human feces." *Cobian v. McLaughlin*, 717 Fed. Appx. 605, 611 (7th Cir. 2017) (emphasis added) (exposure to fecal matter spread around segregation cell for a month); *see also Vinning-El v. Long*, 482 F.3d 923, 923–24 (7th Cir. 2007) (inmate spent six days in a cell with blood and feces on the walls without running water or sanitation supplies); *Johnson v. Pelker*, 891 F.2d 136, 139 (7th Cir. 1989) (inmate exposed to fecal matter spread on the walls of a segregation cell for three days without running water and denied access to cleaning supplies); *see also Wheeler v. Walker*, 303 Fed. Appx. 365, 368 (7th Cir. 2008) ("Indeed another court has expressed specific concern about exposure to human waste for periods as short as 36 hours." (citing *DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001))).

    Here, the Plaintiff describes a single incident that occurred as a result of a plumbing issue. He admits the exposure lasted for a very brief period of time—only two hours— before the situation was rectified. He does not specifically state he was in contact with the human waste in his cell; rather, he states it flowed into the dayroom where the inmates were congregated for a short while. Based on these allegations, the Plaintiff has not plausibly alleged the condition was sufficiently serious enough to violate the Eighth Amendment. *See e.g., Hardeman v. Curran*, 933 F.3d 816, 823–24 (7th Cir. 2019) ("A single clogged toilet does not violate the Constitution . . . . But on the other end of the spectrum, a defendant cannot purposefully . . . force a prisoner permanently to live surrounded by her own excrement and that of others.").

    With regard to the lack of proper cleaning supplies, an inmate must allege the "denial of . . . cleaning supplies constituted an objectively excessive risk to health and safety, and that prison officials were deliberately indifferent to the risk." *James v. O'Sullivan*, 62 Fed. Appx. 636, 639 (7th Cir. 2003) (citing *Boyce v. Moore*, 314 F.3d 884, 888 (7th Cir. 2002)). Here, the Plaintiff

3

alleges he and the other inmates were forced to clean up the waste but weren't provided with gloves or "cleaning material *related to bodily fluids*." (emphasis added). However, he doesn't state who ordered him to do so, what cleaning supplies he *was* provided with, what method or tools the inmates were instructed to use to clean up the mess, whether he came into direct contact with the waste while cleaning, what injuries he suffered as a result of it, or any other details regarding the clean-up. The Plaintiff's allegations are simply too sparse to support a plausible Eighth Amendment claim. *See e.g. Cobian v. McLaughlin*, 804 Fed. Appx. 398, 399–400 (7th Cir. 2020) (noting that "[e]xposure to human feces *may* violate the Eighth Amendment where *no* cleaning supplies and water are made available to manage the problem" but finding that the "hos[ing] down" of a cell smeared with fecal matter combined with giving the inmate some cleaning supplies to use with running water to remove the rest of the residue on his own was sufficient to comport with the Constitution) (emphasis added); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (explaining that a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face"); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law.") (emphasis in original).[2]

As a final matter, the Court notes that although Sheriff Goldsmith and Captain Lehman are named as Defendants, they are not mentioned anywhere in the body of the Complaint, so the Plaintiff has not stated any claims against them. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th

---

[2] The Plaintiff also alleges the staff failed to follow the facility policy that states inmates are not supposed to handle blood or human waste. However, violations of prison policies do not amount to constitutional violations. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices.").

4

Cir. 2018) ("For a defendant to be liable under section 1983, she must be personally responsible for the alleged deprivation of the plaintiff's constitutional rights."); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) (noting that under 42 U.S.C. § 1983 "public employees are responsible for their own misdeeds but not for anyone else's").

The Plaintiff's Complaint does not state a claim for which relief can be granted. If the Plaintiff believes he can state a claim based on (and consistent with) the events described in this Complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, the Plaintiff needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the Court.[3]

For these reasons, the Court:

(1) GRANTS the Plaintiff until **December 6, 2022**, to file an amended complaint; and

(2) CAUTIONS the Plaintiff that if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915(e) without further notice because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on November 3, 2022.

s/ Theresa L. Springmann<br>
JUDGE THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT

---

[3] The Plaintiff must submit the amended complaint in its entirety and may not submit piecemeal amendments. *See* N.D. Ind. L.R. 15-1. He must also place this cause number on each document he files with the Court for this case.

5